UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JEREMY TURNER, | | Case No. 3:17-cv-00139-MMD-WGC |
| | Petitioner, | ORDER |
| v. | | |
| RENEE BAKER, *et al.*, | | |
| | Respondents. | |

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jeremy Turner, a Nevada prisoner, serving a sentence of ten years to life in prison for second degree murder, and a consecutive sentence of two to five years in prison for battery causing substantial bodily harm. *See* Petition for Writ of Habeas Corpus (ECF No. 1-1).

In an order entered March 16, 2017 (ECF No. 3), the Court determined that Turner was able to pay the filing fee for this action, and denied his application to proceed *in forma pauperis*. Turner paid the filing fee on April 3, 2017 (ECF No. 4).

Therefore, the Court has reviewed Turner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will direct the Clerk of the Court to serve the petition upon the respondents, and will require a response.

Turner filed, with his petition, a motion for leave to file a longer than normal petition, requesting leave of court to attach additional pages to his petition, beyond the pages

provided with the form petition, in order to set forth all of his claims for relief (ECF No. 1-2). That motion is unnecessary and moot, and will be denied on those grounds. Turner's petition will be filed as he has drafted it.

Turner also filed a motion for appointment of counsel (ECF No. 1-3). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. Appointment of counsel is not warranted in this case.

It is therefore ordered that the Clerk of the Court will separately file the petition for writ of habeas corpus, the motion for leave to file a longer than normal petition, and the motion for appointment of counsel, each of which is currently attached to the *in forma pauperis* application at ECF No. 1.

It is further ordered that the Clerk of the Court add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk of the Court electronically serve upon respondents a copy of the petition for writ of habeas corpus and a copy of this order.

It is further ordered that respondents will have sixty (60) days from the date on which the petition is served upon them to appear in this action, and to answer or otherwise respond to the petition. If respondents file an answer, petitioner will have sixty (60) days to file a reply to the answer. If respondents file a motion to dismiss, petitioner will have sixty (60) days to file a response to the motion to dismiss, and then respondents will have thirty (30) days to file a reply to petitioner's response.

It is further ordered that petitioner's motion for leave to file a longer than normal petition is denied as unnecessary and moot.

///

It is further ordered that petitioner's motion for appointment of counsel is denied.

DATED THIS 4th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE