UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEREMY TURNER,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00139-MMD-WGC

ORDER

This case is a *pro se* petition for a writ of habeas corpus by Nevada prisoner Jeremy Turner. On June 5, 2017, the respondents filed a motion to dismiss, contending that several of the claims in Turner's habeas petition are unexhausted — completely or partially — in state court (ECF No. 10). Turner filed an opposition to respondents' motion to dismiss on September 20, 2017 (ECF No. 20), and respondents filed a reply on September 27, 2017 (ECF No. 22).

On September 20, 2017, further responding to the motion to dismiss, Turner filed a motion for leave to amend his petition (ECF No. 21), stating that he wishes to amend to remove unexhausted claims from his petition. Respondents filed an opposition to Turner's motion for leave to amend on September 27, 2017 (ECF No. 23).

On October 4, 2017, Turner filed a motion for extension of time (ECF No. 24), requesting a 60-day extension of time to file an amended petition. The Court recognizes that this motion was probably filed in response to respondents' argument, in their opposition to the motion for leave to amend, that Turner's motion for leave to amend should be denied because Turner did not file a proposed amended petition as required

by the Court's local rules. *See* LR 15-1. Respondents filed an opposition to the motion for extension of time on October 9, 2017 (ECF No. 25).

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Turner's motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave." The Court "should freely give leave when justice so requires." *See, e.g.*, *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir.1993) (denial of leave to amend reviewed "for abuse of discretion and in light of the strong public policy permitting amendment."). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

In this case, there is no indication of bad faith or undue delay on Turner's part, with respect to his seeking leave to amend. Further, there is no reason to believe there will be unfair prejudice to the respondents if Turner is granted leave to amend, and there is no reason to believe that the amendment will be futile; Turner states that the purpose for the amendment would be to remove from his petition claims that are not exhausted in state court. The Court finds that granting Turner, who brings this action *pro se*, leave to amend at this point in this case is in the interest of justice.

Respondents correctly point out that Turner has not proffered a proposed amended petition with his motion for leave to amend. *See* LR 15-1. Under the circumstances here, however, the Court will waive that requirement. There has not yet been a motion to dismiss adjudicated; the question of the procedural viability of all of Turner's claims remains open.

Given Turner's expressed reason for seeking to amend, the early stage of this action, and the fact that there has not yet been a motion to dismiss adjudicated, the Court

finds that there is no significant danger of unfair prejudice to respondents and there will be no undue delay if Turner amends. The Court will grant Turner's motion for leave to amend his petition. The amendment will render moot the pending motion to dismiss, and that motion will be denied, without prejudice, on that basis. Turner's motion for extension of time is unnecessary, as there is currently no deadline to be extended. That motion will be denied. However, the Court takes into consideration that Turner requests sixty days to file his amended petition.

It is therefore ordered that petitioner's Motion to Amend Petition for Writ of Habeas Corpus (ECF No. 21) is granted. Petitioner will have sixty (60) days from the date of entry of this order to file an amended petition for writ of habeas corpus.

It is further ordered that the Clerk of the Court will send to petitioner, along with a copy of this order, three copies of the blank form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On that form, when drafting his amended petition, Turner should write the word "Amended" above the word "Petition" in the caption on the first page.

It is further ordered that respondents' Motion to Dismiss (ECF No. 10) is denied as moot. The denial of this motion is without prejudice to respondents asserting any of the same arguments in a motion to dismiss the anticipated amended petition.

It is further ordered that petitioner's Motion for Enlargement of Time (ECF No. 24) is denied, as it is unnecessary.

DATED THIS 17th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE