UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JEREMY TURNER,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00139-MMD-WGC

ORDER

**I.    INTRODUCTION**

This action is a petition for writ of habeas corpus by Nevada Petitioner Jeremy Turner. The Respondents have filed a motion to dismiss Turner's amended habeas petition. The Court will grant the motion in part and deny it in part, will dismiss certain of Turner's claims, and will set a schedule for the Respondents to file an answer, responding to Turner's remaining claims.

**II.    BACKGROUND**

In an order in Turner's state habeas action, the district court described the murder that is the subject of this case, as follows:

> On August 31, 2010, Mr. Turner was with his sister, Jamie Hulsey, and her husband, Ronald Hulsey, at the Hulsey residence. The group was joined by friends – Carolyn Faircloth, her boyfriend John Clymer, and her son Carl Roberts – for a barbecue. Everyone drank heavily. At approximately 7:00 p.m., Mr. Turner and Mr. Roberts became involved in a dispute, a punch was thrown, and a violent physical altercation erupted involving all adults present. Mr. Turner and Mr. Hulsey attacked Mr. Roberts, repeatedly kicking him about his head and body. Ms. Faircloth and Ms. Hulsey fought with each other, punching each other in the face. After

| | |
|---|---|
| 1 | beating Mr. Roberts, Mr. Turner allegedly came upon the two women, grabbed Ms. Faircloth by the hair, and punched her in the head. Mr. Hulsey then kicked Ms. Faircloth in the head while she lay on the ground. |
| 2 | |
| 3 | Mr. Clymer found Ms. Faircloth without a pulse. A neighbor called 911, and Ms. Faircloth was pronounced dead upon arrival at the hospital. Mr. Roberts was beaten so severely his face was unrecognizable. Mr. Turner fled the scene with Ms. Hulsey and her minor children before officers responded, but he was later apprehended at the Gold Dust West casino. He was transported to the Sheriff's office and gave a statement. He told officers he did not like Mr. Roberts because he was African American. He also stated he did not remember hitting Ms. Faircloth. |

(Order filed June 9, 2014, Exh. 95 at 1–2 (ECF No. 14-5 at 2–3) (citations to trial transcript omitted).) Following a jury trial in Nevada's Second Judicial District Court, in Washoe County, Turner was convicted, on November 17, 2011, of second degree murder and battery causing substantial bodily harm, and he was sentenced to life in prison with the possibility of parole after 10 years, and a consecutive term of 2 to 5 years in prison. (*See* Judgment of Conviction, Exh. 57 (ECF No. 21-10).)

The Nevada Supreme Court affirmed the judgment of conviction on January 16, 2013. (*See* Order of Affirmance, Exh. 85 (ECF No. 13-25).)

Turner filed a petition for writ of habeas corpus in the state district court on December 13, 2013. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 89 (ECF No. 13-29).) The state district court held an evidentiary hearing (*see* Transcript of Evidentiary Hearing, Exh. 100 (ECF No. 14-10), and then denied Turner's petition on September 14, 2015. (*See* Order Denying Post-Conviction Relief, Exh. 102 (ECF No. 14-12).) Turner appealed, and the Nevada Supreme Court affirmed on February 16, 2017. (*See* Order of Affirmance, Exhibit 115 (ECF No. 14-25).)

Turner submitted his original *pro se* federal habeas corpus petition for filing, initiating this action, on March 6, 2017. (ECF No. 6.)

Respondents filed a motion to dismiss on June 5, 2017. (ECF No. 10.) That motion was rendered moot, and was denied on that ground, on October 17, 2017, when the Court granted Turner's motion to amend his petition. (ECF No. 26.)

Turner filed his amended habeas petition on December 18, 2017. (ECF No. 27.) The Court reads Turner's amended petition to include the following claims:

Ground 1A: Turner's federal constitutional rights were violated because his trial counsel was ineffective because he "conceded to a fist strike upon the victim." (*See* Amended Petition (ECF No. 27 at 3, 9, 19–26).)

Ground 1B: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing "to have the jury properly instructed on aiding and abetting, and/or specific intent," and because his appellate counsel was ineffective for failing to raise the issue on his direct appeal. (*See id.* (ECF No. 27 at 3, 9, 27–32).)

Ground 1C: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing to file a motion to sever his trial from the trial of his co-defendant, and because his appellate counsel was ineffective for failing to raise the issue on his direct appeal. (*See id.* (ECF No. 27 at 3, 9, 33–37).)

Ground 1D: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing to file a motion for a mistrial based on jury misconduct, and because his appellate counsel was ineffective for failing to raise the issue on his direct appeal. (*See id.* (ECF No. 27 at 3, 9, 38–41).)

Ground 1E: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing to file a motion to suppress his statements to law enforcement. (*See id.* (ECF No. 27 at 3, 9, 42–43).)

Ground 1F: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing to meaningfully cross-examine prosecution witnesses. (*See id.* (ECF No. 27 at 3, 9–11, 44–48).)

Ground 1G: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing to investigate and prepare for the testimony of prosecution witnesses. (*See id.* (ECF No. 27 at 3, 11, 49–52).)

Ground 1H: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing to prepare for his sentencing hearing. (*See id.* (ECF No. 27 at 3, 11, 53–55).)

Ground 1I: Turner's federal constitutional rights were violated because his trial counsel was ineffective for failing to object, or "argue against" the restitution order imposed as part of his sentence. (*See id.* (ECF No. 27 at 3, 11, 56–58).)

Ground 1J: Turner's federal constitutional rights were violated because his appellate counsel failed to raise the following issues on his direct appeal:

    (i) the jury instructions regarding aiding and abetting, and/or specific intent;

    (ii) juror misconduct;

    (iii) cruel and unusual punishment;

    (iv) insufficiency of the evidence;

     (v) the restitution order;

     (vi) cumulative error.

(*See id.* (ECF No. 27 at 3, 11, 59–64).)

Ground 1K: Turner's federal constitutional rights were violated because of the cumulative errors of his trial counsel. (*See id.* (ECF No. 27 at 3, 10, 65–67).)

Ground 2: Turner's federal constitutional rights were violated because there was insufficient evidence to prove that he acted with the malice necessary for the crime of second degree murder. (*See id.* (ECF No. 27 at 4, 10, 68–74).)

Ground 3: Turner's federal constitutional rights were violated as a result of the cumulative effect of the errors he alleges. (*See id.* (ECF No. 27 at 5, 10, 75–77).)

Ground 4: Turner "is entitled to habeas relief for [the] reason [that] he is actually and/or factually innocent of the second degree murder charge." (*See id.* (ECF No. 27 at 6, 10, 78–82).)

On March 21, 2018, Respondents filed a motion to dismiss Turner's amended petition (ECF No. 29), arguing that all of his claims are unexhausted in state court, and that some of them are not cognizable in this federal habeas corpus action. On April 25, 2018, Turner filed an opposition to the motion to dismiss (ECF No. 30), and on May 2, 2018, Respondents filed a reply (ECF No. 31).

On June 21, 2018, Turner filed a motion for appointment of counsel (his third in this case) (ECF No. 32), and on June 28, 2018, he filed a memorandum of points and authorities in support of that motion (ECF No. 33).

**III. DISCUSSION**

  **A. Exhaustion – Legal Standards**

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A

1  claim is fairly presented to the state court if, before that court, the petitioner describes the
2  operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*,
3  459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d
4  859, 862 (9th Cir. 1982).

**B.     Ground 1A**

In Ground 1A, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective because he "conceded to a fist strike upon the victim." (*See* Amended Petition (ECF No. 27 at 3, 9, 19–26).)

Turner asserted this claim on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 111 at 17–34 (ECF No. 14-21 at 27–44).)

Ground 1A is exhausted in state court. Respondents' motion to dismiss will be denied with respect to this claim.

**C.     Ground 1B**

In Ground 1B, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing "to have the jury properly instructed on aiding and abetting, and/or specific intent," and because his appellate counsel was ineffective for failing to raise the issue on his direct appeal. (*See* Amended Petition (ECF No. 27 at 3, 9, 27–32).)

On the appeal in his state habeas action, Turner asserted the claim that his appellate counsel was ineffective for not raising the issue of the aiding abetting and specific intent instructions on his direct appeal. (*See* Appellant's Opening Brief, Exh. 111 at 56–57 (ECF No. 14-21 at 66–67).) That part of Ground 1B is exhausted, and the motion to dismiss will be denied with respect to it.

On the appeal in his state habeas action, Turner did not assert the claim that his trial counsel was ineffective with respect to the jury instructions regarding aiding and abetting and specific intent. That portion of Ground 1B is unexhausted.

However, the Court determines, in light of the procedural history of this case, as well as Turner's representation in this regard (*see* Opposition to Motion to Dismiss (ECF

5

No. 30 at 6), that if Turner were to attempt to present this claim in state court now, the state courts would treat it as procedurally barred, as untimely and successive. *See* NRS §§ 34.726, 34.800, 34.810.

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

In *Coleman*, the Supreme Court held that a state prisoner who fails to comply with the State's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

///

[proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a post-conviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15 (citing *Coleman*, 501 U.S. at 746–47). The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8.

Under *Martinez*, Turner might be able to overcome the anticipatory procedural default of claims of ineffective assistance of trial counsel by showing ineffective assistance of his state habeas counsel with respect to those claims. This issue, however, is intertwined with the question of the merits of the claims of ineffective assistance of trial counsel, such that it cannot be properly addressed at this time, but will be better addressed after respondents file an answer. The Court will, therefore, deny Respondents' motion to dismiss with respect to the claim of ineffective assistance of trial counsel in Ground 1B, without prejudice to Respondents asserting the procedural default defense to that claim in their answer, along with their argument regarding the merits of the claim.

**D.     Ground 1C**

In Ground 1C, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to file a motion to sever his trial from the trial of his co-defendant, and because his appellate counsel was ineffective for failing to raise the issue on his direct appeal. (*See* Amended Petition (ECF No. 27 at 3, 9, 33–37).)

Turner asserted the claim of ineffective assistance of trial counsel in Ground 1C on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 111 at 34–43 (ECF No. 14-21 at 44–53).) That part of Ground 1C is exhausted, and the motion to dismiss will be denied with respect to it.

On the appeal in his state habeas action, Turner did not assert the claim that his appellate counsel was ineffective with respect to the question whether Turner's trial should have been severed from that of his co-defendant. That portion of Ground 1C is unexhausted. Or rather, here again, this part of Ground 1C is technically exhausted but subject to the procedural default doctrine, because it would now be procedurally barred in state court. And, with respect to this part of Ground 1C—the the claim of ineffective assistance of appellate counsel—*Martinez* does not apply. *See Davila v. Davis*, 137 S.Ct. 2058, 2067–70 (2017). Turner makes no colorable argument that he can overcome the procedural default of this claim. Therefore, as to this claim of ineffective assistance of appellate counsel the motion to dismiss will be granted; the claim of ineffective assistance of appellate counsel in Ground 1C will be dismissed.

### E. Ground 1D

In Ground 1D, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to file a motion for a mistrial based on jury misconduct, and because his appellate counsel was ineffective for failing to raise the issue on his direct appeal. (*See* Amended Petition (ECF No. 27 at 3, 9, 38–41).)

Turner did not assert either of these claims on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 111 (ECF No. 14-21). Both claims are unexhausted.

If Turner were to attempt to present these claims in state court now, they would be procedurally barred; therefore, they are subject to the procedural default doctrine in this federal habeas action.

Regarding the claim of ineffective assistance of trial counsel in Ground 1D, Turner could possibly establish cause and prejudice for the procedural default by showing

1  ineffective assistance on the part of his state post-conviction counsel. Again, though, that is an issue that will be better addressed in conjunction with the merits of the claim. Therefore, the motion to dismiss will be denied with respect to the claim of ineffective assistance of trial counsel in Ground 1D, without prejudice to Respondents asserting the procedural default defense to that claim in their answer, along with their argument regarding the merits of the claim.

Regarding the claim of ineffective assistance of appellate counsel in Ground 1D, *Martinez* does not apply, and Turner makes no colorable argument that he can overcome the procedural default of this claim. Therefore, as to this claim of ineffective assistance of appellate counsel the motion to dismiss will be granted; the claim of ineffective assistance of appellate counsel in Ground 1D will be dismissed.

### F.     Ground 1E

In Ground 1E, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to file a motion to suppress his statements to law enforcement. (*See* Amended Petition (ECF No. 27 at 3, 9, 42–43).)

Turner asserted this claim on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 111 at 49–52 (ECF No. 14-21 at 59–62).)

Ground 1E is exhausted in state court, and, therefore, Respondents' motion to dismiss will be denied with respect to this claim.

### G.     Ground 1F

In Ground 1F, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to meaningfully cross-examine prosecution witnesses. (*See* Amended Petition (ECF No. 27 at 3, 9–11, 44–48.)

On the appeal in his state habeas action, Turner claimed that his trial counsel was ineffective for failing to cross-examine Frances Bailey; that portion of Ground 1F is exhausted in state court. (*See* Appellant's Opening Brief, Exh. 111 at 43–48 (ECF No. 14-21 at 53–58).) The motion to dismiss will be denied with respect to the claim in Ground

///

1F that Turner's trial counsel was ineffective with respect to the cross-examination of Frances Bailey.

The remainder of Ground 1F was not presented on the appeal in Turner's state habeas action. (*See* Appellant's Opening Brief, Exh. 111 (ECF No. 14-21).) If Turner were to attempt to present these claims in state court now, they would be procedurally barred; therefore, they are subject to the procedural default doctrine in this federal habeas action. As these are claims of ineffective assistance of trial counsel, Turner could possibly establish cause and prejudice for the procedural default by showing ineffective assistance on the part of his state post-conviction counsel. Here again, though, that is an issue that will be better addressed in conjunction with the merits of the claim. Therefore, the motion to dismiss will be denied with respect to these claims of ineffective assistance of trial counsel, without prejudice to Respondents asserting the procedural default defense in their answer, along with their argument regarding the merits of the claims.

**H.     Ground 1G**

In Ground 1G, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to investigate and prepare for the testimony of prosecution witnesses. (*See* Amended Petition (ECF No. 27 at 3, 11, 49–52.)

On the appeal in his state habeas action, Turner claimed that his trial counsel was ineffective for failing to investigate and prepare for the testimony of Frances Bailey; that portion of Ground 1G is exhausted in state court. (*See* Appellant's Opening Brief, Exh. 111 at 43–48 (ECF No. 14-21 at 53–58).) The motion to dismiss will be denied with respect to the claim in Ground 1G that Turner's trial counsel was ineffective in that regard.

The remainder of Ground 1G was not presented on the appeal in Turner's state habeas action. (*See* Appellant's Opening Brief, Exh. 111 (ECF No. 14-21).) If Turner were to attempt to present these claims in state court now, they would be procedurally barred; therefore, they are subject to the procedural default doctrine in this federal habeas action. As these are claims of ineffective assistance of trial counsel, Turner could possibly

1  establish cause and prejudice for the procedural default by showing ineffective assistance
2  on the part of his state post-conviction counsel. Again, however, that is an issue that will
3  be better addressed in conjunction with the merits of the claim. Therefore, the motion to
4  dismiss will be denied with respect to these claims of ineffective assistance of trial
5  counsel, without prejudice to Respondents asserting the procedural default defense in
6  their answer, along with their argument regarding the merits of the claims.

    **I.    Ground 1H**

In Ground 1H, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to prepare for his sentencing hearing. (*See* Amended Petition (ECF No. 27 at 3, 11, 53–55.)

Turner did not assert this claim on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 111 (ECF No. 14-21). This claim is unexhausted in state court.

If Turner were to attempt to present this claim in state court now, it would be procedurally barred; therefore, it is subject to the procedural default doctrine in this federal habeas action. However, because it is a claim of ineffective assistance of trial counsel, Turner could possibly establish cause and prejudice for the procedural default by showing ineffective assistance of his state post-conviction counsel. That, though, is an issue that will be better addressed in conjunction with the merits of the claim. Therefore, the motion to dismiss will be denied with respect to Ground 1H, without prejudice to Respondents asserting the procedural default defense to that claim in their answer, along with their argument regarding the merits of the claim.

    **J.    Ground 1I**

In Ground 1I, Turner claims that his federal constitutional rights were violated because his trial counsel was ineffective for failing to object, or "argue against" the restitution order imposed as part of his sentence. (*See* Amended Petition (ECF No. 27 at 3, 11, 56–58.)

///

Turner did not assert this claim on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 111 (ECF No. 14-21). This claim is unexhausted in state court.

Here again, if Turner were to attempt to present this claim in state court now, it would be procedurally barred; therefore, it is subject to the procedural default doctrine in this federal habeas action. Because it is a claim of ineffective assistance of trial counsel, Turner could possibly establish cause and prejudice for the procedural default by showing ineffective assistance of his state post-conviction counsel. That is an issue that will be better addressed in conjunction with the merits of the claim. Therefore, the motion to dismiss will be denied with respect to Ground 1I, without prejudice to Respondents asserting the procedural default defense to that claim in their answer, along with their argument regarding the merits of the claim.

**K.  Ground 1J**

In Ground 1J, Turner claims that his federal constitutional rights were violated because his appellate counsel failed to raise the following issues on his direct appeal:

> (i)  the jury instructions regarding aiding and abetting, and/or specific intent;
>
> (ii)  juror misconduct;
>
> (iii)  cruel and unusual punishment;
>
> (iv)  sufficiency of the evidence;
>
> (v)  restitution;
>
> (vi) cumulative error.

(*See* Amended Petition (ECF No. 27 at 11, 59–64.)

Turner asserted two of these claims on his appeal in his state habeas action, those being the claims that his appellate counsel was ineffective for failing to raise, on his direct appeal, issues concerning the jury instructions regarding aiding and abetting, and/or specific intent (identified, above, as subpart i of Ground 1J), and restitution (identified,

///

above, as subpart v of Ground 1J). (*See* Appellant's Opening Brief, Exh. 111 at 55–58 (ECF No. 14-21 at 65–68).) Grounds 1J(i) and 1J(v) are exhausted in state court.

Turner did not, on his appeal in his state habeas action, raise the claims identified, above, as subparts ii, iii and iv of Ground 1J. Those parts of Ground 1J are unexhausted in state court. Or, rather, they are technically exhausted but subject to the procedural default doctrine, because they would now be procedurally barred in state court. With respect to these parts of Ground 1J—subparts ii, iii and iv—*Martinez* does not apply. *See Davila*, *supra*. Turner makes no colorable argument that he can overcome the procedural default of these claims. Therefore, as to Grounds 1J(ii), 1J(iii) and 1J(iv), as those subclaims are identified above, the motion to dismiss will be granted; those claims of ineffective assistance of appellate counsel will be dismissed.

Ground 1J(vi) is a cumulative error claim; there, Turner claims that his federal constitutional rights were violated by the cumulative effect of the errors of his appellate counsel. As there are two procedurally viable claims of ineffective assistance of appellate counsel (Grounds 1J(i) and 1J(v)), the cumulative error claim in Ground 1J(vi) is procedurally viable. The motion to dismiss will be denied with respect to Ground 1J(vi).

The Court recognizes that Ground 1J(i) and part of Ground 1B may be duplicative. The Court will not, however, dismiss either claim on this ground. The possibility that those claims are duplicative will be addressed when the claims are considered on their merits.

**L.     Ground 1K**

In Ground 1K, Turner claims that his federal constitutional rights were violated because of the cumulative errors of his trial counsel. (*See* Amended Petition (ECF No. 27 at 3, 10, 65–67.)

As there are multiple procedurally viable claims of ineffective assistance of trial counsel, the cumulative error claim in Ground 1K is procedurally viable. The motion to dismiss will be denied with respect to Ground 1K.

///

///

**M.     Ground 2**

In Ground 2, Turner claims that his federal constitutional rights were violated because there was insufficient evidence to prove that he acted with the malice necessary for the crime of second degree murder. (*See* Amended Petition (ECF No. 27 at 4, 10, 68–74.)

Turner asserted this claim on his direct appeal. (*See* Appellant's Opening Brief, Exh. 78 at 21–24 (ECF No. 13-18 at 27–30).)

Ground 2 is exhausted in state court, and, therefore, Respondents' motion to dismiss will be denied with respect to this claim.

**N.     Ground 3**

In Ground 3, Turner claims that his federal constitutional rights were violated as a result of the cumulative effect of the errors he alleges. (*See* Amended Petition (ECF No. 27 at 5, 10, 75–77.)

As there are multiple procedurally viable claims, the cumulative error claim in Ground 3 is procedurally viable. The motion to dismiss will be denied with respect to Ground 3.

**O.     Ground 4**

In Ground 4, Turner claims that he "is entitled to habeas relief for [the] reason [that] he is actually and/or factually innocent of the second degree murder charge." (*See* Amended Petition (ECF No. 27 at 6, 10, 78–82.)

Turner did not assert a freestanding claim of actual innocence on either his direct appeal or the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 78 (ECF No. 13-18); Appellant's Opening Brief, Exh. 111 (ECF No. 14-21).) This claim is unexhausted, or, rather, technically exhausted but subject to the procedural default doctrine, because it would now be procedurally barred in state court.

A federal court may consider a procedurally defaulted claim if the petitioner demonstrates that, otherwise, a fundamental miscarriage of justice would result. *See Coleman*, 501 U.S. at 750. To establish that a fundamental miscarriage of justice would

1  occur if a claim is not heard on the merits in federal court, a petitioner must demonstrate
2  that "a constitutional violation has probably resulted in the conviction of one who is
3  actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means
4  factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614,
5  623 (1998). This is a narrow exception, and it is reserved for extraordinary cases. *See*
6  *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

As Ground 4 is a claim of actual innocence, there is a possibility that Turner can show that there would be a miscarriage of justice if the claim is not considered on its merits. Therefore, the Court will deny the motion to dismiss this claim, without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

### P. Cognizability of Claims

Respondents argue that certain of Turner's claims are not cognizable in this federal habeas corpus action. (*See* Motion to Dismiss (ECF No. 29 at 17–18).) The Court does not address those arguments in this order, determining that they will be better addressed in conjunction with the merits of the claims.

### Q. Motion for Appointment of Counsel

Turner's motion for appointment of counsel, filed after the motion to dismiss was briefed, is his third in this case. Turner has not shown any reason why the Court should reconsider its rulings that appointment of counsel is not warranted. (*See* Order entered April 4, 2017 (ECF No. 5); Order entered July 11, 2017 (ECF No. 19).) The motion for appointment of counsel will be denied.

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 29) is granted in part and denied in part. The following claims in Petitioner's amended habeas petition are dismissed: the claim of ineffective assistance of appellate counsel in Ground 1C; the claim of ineffective assistance of appellate counsel in Ground 1D; and Grounds 1J(ii), 1J(iii) and 1J(iv) (as those subclaims of Ground 1J are identified above). In all other respects, Respondents' motion to dismiss is denied.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 32) is denied.

It is further ordered that, within ninety (90) days from the date of this Order, Respondents are to file an answer, responding to the remaining claims in the amended habeas petition.

It is further ordered that, in all other respects, the schedule for further proceedings set forth in the order entered April 4, 2017, (ECF No. 5) will remain in effect (Petitioner will have sixty (60) days to file a reply to Respondents' answer).

DATED THIS 20th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE